NOT FOR PUBLICATION

FILED
FEB 26 2019
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>NEAL RUSSELL BASSETT and<br>LOURDES CRUZ BASSETT,<br>        Debtor(s). | Case No. 18-25410-B-13<br>DC No. FF-1 |
| In re:<br>ASHLEY KRISTINE-LOUISE SOLBERG,<br>        Debtor(s). | Case No. 18-27062-B-13<br>DC No. MG-1 |
| In re:<br>STUART LEE KOPPLE,<br>        Debtor(s). | Case No. 18-27132-B-13 |
| In re:<br>TYRONE LIEF DAMON and REBECCA<br>JOYCE DAMON,<br>        Debtor(s). | Case No. 18-27143-B-13<br>DC No. PGM-2 |

MEMORANDUM DECISION

Introduction

    There are several motions to value collateral before the court. The motions are filed in separate Chapter 13 cases. The collateral involved in the motions are vehicles. All motions are

brought under 11 U.S.C. § 506(a),[1] and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3012.[2]

The court has reviewed each motion and its related exhibits and declarations. The court has also reviewed supplemental briefs filed in the Damon and Solberg cases identified below. And the court has reviewed and takes judicial notice of the docket in each of the referenced Chapter 13 cases.

A consolidated hearing was held on January 29, 2019. Appearances were noted on the record. At the conclusion of the hearing one motion was granted, one motion was denied without

---

[1] Section 506(a) states in relevant part as follows:
(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
(2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.
11 U.S.C. § 506(a).

[2] Bankruptcy Rule 3012 states in relevant part as follows:
(a) On request by a party in interest and after notice—to the holder of the claim and any other entity the court designates—and a hearing, the court may determine:
    (1) the amount of a secured claim under § 506(a) of the Code[.]
Fed. R. Bankr. P. 3012(a)(1).

prejudice, and two motions were continued to February 12, 2019, to permit the filing of amended or supplemental declarations.[3] This memorandum decision memorializes and supplements the court's oral findings of fact and conclusions of law stated on the record in open court. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052, 9014(c). To the extent this memorandum decision conflicts with any findings of fact and/or conclusions of law stated on the record, this memorandum decision controls. See Playmakers LLC v. ESPN, Inc., 376 F.3d 894, 896 (9th Cir. 2004) (citation omitted).

Background

　　　The debtor in In re Solberg, 18-27062, moves to value the collateral of Travis Credit Union. The collateral is a 2013 Ford Fusion. Debtor values the vehicle at a replacement value of $9,793.00. Debtor's valuation is based on her opinion stated in a declaration. The motion is unopposed. The creditor filed proof of claim no. 2 which states a balance owed of $14,897.48 and a value of the vehicle of $14,897.48. This motion was ordered granted on January 29, 2019.

　　　The debtor in In re Kopple, 18-27132, moves to value the collateral of United Auto Credit Corp. The collateral is a 2005 Acura DMX. Debtor values the vehicle at $366.00. Debtor's valuation is based on his opinion stated in a declaration formed after consulting Kelley Blue Book and Edmunds. The Chapter 13 trustee filed a response noting that the creditor filed proof of

---

　　　[3]One motion was subsequently withdrawn. See, infra.

claim no. 1 which states a balance owed of $5,625.03 and values the vehicle at $6,250.00. This motion was ordered denied without prejudice on January 29, 2019.

The debtors in In re Damon, 18-27143, move to value the collateral of Safe Credit Union. The collateral is a 2011 Toyota Rav4 SUV. Debtors value the vehicle at a replacement value of $4,000.00. Debtors' valuation is based on their opinion stated in an amended declaration. The motion is unopposed. The creditor filed proof of claim no. 12 which states a balance owed of $7,060.77 and a value of the vehicle at $6,000.00. This motion was heard on January 29, 2019, and continued to February 12, 2019. It was ordered granted on February 12, 2019.

The debtors in In re Bassett, 18-25410, move to value the collateral of Santander Consumer USA. The collateral is a 2012 Mercedes-Benz M-Class. Debtors value the vehicle at a replacement value of $24,247.00. Debtors' valuation is based on their opinion stated in a declaration formed after consulting kbb.com. The motion is unopposed. The creditor filed proof of claim no. 4 which states a balance owed of $41,703.41 and a value of the vehicle at $21,375.00. This motion was heard on January 29, 2019, and continued to February 12, 2012. It was withdrawn on February 5, 2019.

Discussion

The issue as it relates to each of the remaining motions to value referenced above is the same: Does the evidentiary

presumption of Bankruptcy Rule 3001(f) apply to the value of the collateral stated in the secured creditor's proof of claim,[4] and if so, does that evidentiary presumption of value carry forward and apply to a motion to value the secured creditor's collateral brought under § 506(a) and Bankruptcy Rule 3012?  This appears to be a matter of some debate.

This court has previously cited In re Roberts, 210 B.R. 325 (Bankr. N.D. Iowa 1997), for the proposition that the value of a secured creditor's collateral stated in its proof of claim is presumptively valid under Bankruptcy Rule 3001(f) and that presumptively valid value applies when the debtor (or someone else) moves under § 506(a) and Bankruptcy Rule 3012 to value the secured creditor's collateral.  In Roberts, the parties disputed the valuation of collateral at a Chapter 13 confirmation hearing, causing the court to set the matter for an evidentiary hearing to address the value.  Id. at 327.  Based on the validly-filed proof of claim, the court concluded that the debtor had the burden of coming forward with sufficient evidence to rebut the Bankruptcy Rule 3001(f) presumption.  Id. at 328.  The evidence before the court (despite the requirement by that court's local rule that the parties submit appraisals prior to the hearing) was the debtor's unverified affidavits and inadmissible hearsay versus the creditor's proof of claim based on a NADA Blue Book report.

---

[4]Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).

Id. at 328, 330. On that record, and in light of the burden of proof, the court found that the debtor did not rebut the prima facie validity of the proof of claim, including the value of the secured creditor's collateral stated in the proof of claim. Id. at 328-31; see also In re Spraggins, 316 B.R. 317, 319 (Bankr. E.D. Wis. 2004) (applying Roberts).

More recently, citing Bankruptcy Rule 3001(f) and § 502(a),[5] the Third Circuit in In re Heritage Highgate, Inc., 679 F.3d 132 (3rd Cir. 2012), concluded that the presumption of validity given a proof of claim applies to the value of a secured creditor's collateral stated in the proof of claim and that evidentiary presumption applies when the collateral is valued under § 506(a) and Bankruptcy Rule 3012. Id. at 140.

EvaBank v. Baxter, 278 B.R. 867 (N.D. Ala. 2002), falls along the same line as Heritage Highgate. EvaBank involved a post-confirmation evidentiary hearing of a vehicle in a Chapter 13 case in which the vehicle's value stated on the secured creditor's proof of claim and the Black Book valuation presented by the creditor at the hearing were weighed against the debtor's declaration of value. Id. at 872. Disagreeing with the bankruptcy court's ultimate mid-point valuation of the vehicle following an evidentiary hearing, the creditor with a lien on the vehicle appealed. Id. at 874.

---

[5] Section 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects[.]"  11 U.S.C. § 502(a).

On appeal the district court stated that the initial hurdle the debtor faced to substantiate her value of the vehicle was the "evidentiary state of [the creditor's unobjected-to proof of] claim constituting prima facie evidence of the extent of its secured status." Id. at 878. The court also noted that the debtor's affidavit suffered from substantial defects making it an evidentiary nullity and therefore insufficient to overcome the presumptive validity of the collateral's value as stated in the creditor's proof of claim. Id. at 878-79. The court further explained:

> The upshot of all this is that even after Debtor objected to [creditor's] secured claim by use of the Motion to Determine Value, what the Bankruptcy Court had in front of it was [creditor's] deemed allowed claim constituting prima facie evidence of its secured status, versus an objection supported by no evidence. Given this state of evidentiary affairs, [creditor] was entitled to prevail on valuation without having to put on any additional evidence. . . . [Creditor] need not have done anything to overcome the non-existent evidence supplied by Debtor. *In this case, [creditor] had met its burden of proof of the value of its secured claim by the prima facie and unrebutted status of its proof of claim.*

Id. at 879 (emphasis added).

There is also one published Eastern District of California bankruptcy court opinion relevant to this issue. Commenting on the evidentiary presumption of a properly-filed proof of claim in the context of § 506(a), the court in In re Serda, 395 B.R. 450, 454 (Bankr. E.D. Cal. 2008), stated: "The debtor bears the initial burden of proof of overcoming any presumption established by the stated value in the secured creditor's proof of claim."

Id. at 454 (citation omitted).[6] That point from Serda was subsequently followed in at least one unpublished bankruptcy court decision from the Northern District of California. See In re Flores, 2012 WL 124973 (Bankr. N.D. Cal. 2012).

This court's concern with the approach taken in the foregoing decisions is that they appear to conflate, and therefore do not recognize, the distinction between the claims *allowance* process under § 502(a) and Bankruptcy Rule 3001(f) and the claims *bifurcation and valuation* process under § 506(a) and Bankruptcy Rule 3012. These are separate and distinct processes. In re Alewelt, 520 B.R. 704, 709 (Bankr. C.D. Ill. 2014) ("[T]he determination of the secured status of a claim is governed by § 506(a), which is not part of the claims allowance process[.]"); In re Duggins, 263 B.R. 233, 238 (Bankr. C.D. Ill. 2001) ("The bifurcation or valuation process contemplated by 11 U.S.C. § 506(a) is not properly part of the claims allowance process."); In re Hudson, 260 B.R. 421, 431 (Bankr. W.D. Mich. 2001) ("[I]t is a misconception for such a creditor to expect that filing a claim establishes the merit and sufficiency of an asserted value of collateral [under § 506(a).]").

Whereas the claims allowance process under § 502(a) and Bankruptcy Rule 3001(f) establishes the existence of the debt and an entitlement to payment, the valuation and bifurcation process under § 506(a) and Bankruptcy Rule 3012 determines how the

---

[6] It is worth noting that the court in Serda did not rely on an estimated value in the proof of claim filed because none was included on the proof of claim. Serda, 395 B.R. at 453 n.4.

established debt is to be paid and treated under the Bankruptcy Code. Alewelt, 520 B.R. at 709-10; In re Morales, 520 B.R. 544, 550 (Bankr. W.D. Tex. 2014). Indeed, this view is consistent with Chagolla v. JP Morgan Chase Bank, N.A. (In re Chagolla), 544 B.R. 676 (9th Cir. BAP 2016), in which the Ninth Circuit Bankruptcy Appellate Panel stated that the primary purpose of § 506(a) "is to classify allowed claims as either secured or unsecured, which in turn affects how the bankruptcy code treats them." Id. at 680.

In this court's reconsidered view, the approach that recognizes the claims allowance process and the claims valuation and bifurcation process as separate and distinct processes is the better and better-reasoned approach. Therefore, the court holds that the evidentiary presumption of Bankruptcy Rule 3001(f) does not apply to a motion to value collateral brought under § 506(a) and Bankruptcy Rule 3012 because that presumption is limited to the claims allowance process and within that process applies only to the "validity" and *unbifurcated* claim "amount" as stated by the plain language of the rule. Alewelt, 520 B.R. at 709; Morales, 520 B.R. at 550; Duggins, 263 B.R. at 238; Hudson, 260 B.R. at 430-31. Several additional considerations support this conclusion.

First, this approach preserves the court's fact-finding function in the valuation process. That necessarily includes assessing and weighing evidence of a collateral's condition and value based on a debtor's testimony as the owner of the

collateral versus a mechanical application of value likely assigned by an individual processing a proof of claim with no familiarity with the collateral's condition. It also provides the court with flexibility in the valuation process as § 506(a) contemplates.

Second, not mechanically applying the Bankruptcy Rule 3001(f) presumption to value in the context of a § 506(a) and Bankruptcy Rule 3012 motion also avoids delays in the confirmation process for at least two reasons: (1) the debtor is not put in a position of waiting for a proof of claim to be filed before filing a motion to value; and (2) conversely, the absence of a proof of claim may motivate the debtor to value the collateral before a proof of claim is filed so that once valued the amount of the allowed secured claim remains unaffected even if the later-filed proof of claim asserts a higher value. See Local Bankr. R. 3007-1(d)(7).[7]

Third, the separate process view eliminates the possibility that a secured creditor may attempt to extract more from a debtor

---

[7]The local rule states as follows:
If the Court enters an order valuing a creditor's collateral and the creditor has filed or later files a proof of a secured claim in an amount greater than the value established for the collateral, the allowed secured claim shall be the value of the collateral determined by the Court. It is unnecessary for the trustee or the debtor to file a claim objection in addition to the motion valuing the collateral. If the creditor has filed or later files a proof of a secured claim in an amount less than the value established for the collateral, the allowed secured claim shall be the amount claimed by the creditor.
Local Bankr. R. 3007-1(d)(7)

based on an unrealistic value or otherwise coerce a debtor to pay a secured claim based on an unrealistic value of the collateral under a threat of filing an artificially-inflated proof of claim.

That said, not every unopposed motion to value will be granted. The debtor still has the initial burden of producing some admissible evidence of value. In most cases, that may be satisfied by a declaration that states the debtor's opinion of value. See Fed. R. Evid. 701; Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004). And in most cases, if unopposed, the court may accept the debtor's opinion of value as conclusive. Enewally, 368 F.3d at 1173. But as Enewally also notes, just as the court "may" accept the debtor's opinion of value as conclusive in the absence of contrary evidence the court also "may not" accept the debtor's opinion of value even when no other evidence of value is presented. For example, if the value stated in the declaration is not credible or if the declaration suffers from an evidentiary defect even an unopposed motion may be denied.

Conclusion

Turning now to the motions before the court, the motions to value filed in the Solberg and Damon cases will be GRANTED. The debtor(s) in those respective cases have submitted admissible evidence of the respective collateral's value in the form of their opinion stated in an admissible declaration. In the absence of any opposition, and therefore evidence of value to the

contrary, the court exercises its discretion to accept each debtor's opinion of value stated in the respective declarations filed in the Solberg and Damon cases as conclusive. Therefore, the debtor's vehicle in Solberg is valued at $9,793.00 and the debtors' vehicle in Damon is valued at $4,000.00.

The motion to value in the Kopple case will be DENIED WITHOUT PREJUDICE. The debtor's opinion of value in his declaration is based on hearsay to the extent it relies on third-party and industry resources. The debtor's opinion of value stated in his declaration is also 5% of the value asserted in the creditor's proof of claim and therefore is not credible.

The motion to value filed in the Bassett case is deemed withdrawn.

A separate order in each case will issue.

Dated: February 26, 2019.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Gary Ray Fraley
1401 El Camino Ave #370
Sacramento CA 95815-2747

Matthew J. Gilbert
2601 Nut Tree Rd #A
Vacaville CA 95687

Stuart Lee Kopple
1296 E Gibson Rd #171
Woodland CA 95776

Peter G. Macaluso
7230 South Land Park Drive #127
Sacramento CA 95831

Jan P. Johnson
PO Box 1708
Sacramento CA 95812